UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John W. Hearn, #145356 ) | C/A No.  8:08-3272-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Tonya Johnson, SCDC Lt.; ) | |
| Nike Priester, SCDC Officer; ) | **Report and Recommendation** |
| Sim Fogle; ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |

This case was removed to the United States District Court for the District of South Carolina by the Defendants on September 26, 2008.  The underlying case in state court was filed by a Plaintiff, John W. Hearn (Plaintiff), who is incarcerated at the Broad River Correctional Institution.  After review of the pleadings, the Court finds that this case should be remanded because the Court lacks subject matter jurisdiction.

Background

Plaintiff's complaint, dated June 23, 2008, and filed with the Richland County Court of Common Pleas, indicated that he was filing pursuant to the "South Carolina Tort Claims Act, S.C. Code § 15-78-10 through § 15-78-500."   However, the Defendants' Notice of Removal stated that Plaintiff's claims were removable because Plaintiff alleged "causes of action under 42 U.S.C. § 1983" and "because the complaint addresses prison

conditions," falling "under the federal Prison Litigation Reform Act."[1]

Plaintiff responded to the Defendants' Notice of Removal in this case by filing a document entitled Plaintiff's Opposition to Defendants' Notice to Remove Original State Case to Federal Court (Opposition to Removal) with this Court on October 9, 2008. *See* Docket Entry No. 3. In the Opposition to Removal, Plaintiff disputes the Defendants' characterization of Plaintiff's underlying state case as a federal claim arising under § 1983. Specifically, Plaintiff maintains that his "State Tort Complaint did not allege any specific federal issues" and that "Plaintiff asserts absolutely no prison conditions or confinement allegations." *See* Docket Entry No. 3, page four. Plaintiff describes his case as "two basic causes of actions [(gross Negligence & Outrage]" and alleges that removal of his claims to federal court would be "unfair, unequitable [sic] and [cause] prejudice." Plaintiff "prays that his case not move to federal court."

### Discussion

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D. S.C. 1990)(collecting cases); *Bellone*

---

[1] Defendants do not allege jurisdiction under the diversity statute, 28 U.S.C. § 1332.

*v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990).    It is well settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable.  *See* 28 U.S.C. § 1446; *Heniford v. American Motors Sales Corporation*, 471 F. Supp. 328, 337 (D.S.C. 1979).  A plaintiff's objection to an untimely removal by a defendant, in certain circumstances, is a waive-able defense *when a federal district court otherwise would have subject-matter jurisdiction.*  In other words, if there is federal question jurisdiction or if there is diversity of citizenship, a plaintiff must file a motion to remand within thirty days after the Notice of Removal was filed.  *See* 28 U.S.C. § 1447(c).  If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal.  *See In Re Shell Oil Co.*, 932 F.2d 1523, 1527 & nn. 6-7 (5th Cir. 1991).

Even so, applicable case law and statutory law, including 28 U.S.C. § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. Federal Deposit Ins. Corp.,* 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver"); *Page v. Wright*, 116 F.2d 449, 451-455 (7th Cir. 1940).  As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction.

Although a federal court is not bound by the parties' characterization of a case or its appropriate parties, a district court must first look at the plaintiff's complaint filed in a state

court to determine if "federal question" jurisdiction is present. *See Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334 (E.D. N.C. 1992). District courts are authorized to disregard such characterizations only to avoid "unjust manipulation or avoidance of its jurisdiction." *Id.*, 805 F. Supp. at 334- 35.

The law in this Circuit is unclear as to whether a magistrate judge has the authority to remand a matter to state court. However, at least one district court in this district has addressed this issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.,* 783 F. Supp. 249, 250 (D.S.C. 1992)("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action")(citation omitted). In addition, three federal circuit courts, which have addressed this matter in published opinions, have reached a similar result, holding that an order to remand is a dispositive motion. *See Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 517 (6th Cir. 2001); *First Union Mortgage Corporation v. Smith*, 229 F.3d 992, 994 (10th Cir. 2000); *In re U.S. Healthcare*, 159, F.3d 142, 145 (3d Cir. 1998). Therefore, a report and recommendation has been prepared in this case.

The instant complaint, originally filed by the Plaintiff in the Court of Common Pleas for Richland County, fails to invoke federal question jurisdiction. Plaintiff's pleading clearly states that the action was filed pursuant to the South Carolina Tort Claims Act. The basis for Plaintiff's action involves the Defendants' alleged negligence in handling Plaintiff's personal property, which Plaintiff claims was damaged or stolen. Plaintiff's remaining allegations stem from the Defendants': (1) alleged refusal to "properly and timely" file incident reports regarding the property loss; and (2) failure to process administrative

grievance forms filed by Plaintiff as a result of the lost property.

Plaintiff titles his claims "gross negligence" and "outrage," which are cognizable under state law. However, such claims would be subject to dismissal under 42 U.S.C. § 1983.[2]  As inmates have no constitutionally protected right to a grievance procedure, *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), Plaintiff's claims regarding the Defendant's failure to process his administrative grievance forms would also be subject to dismissal in a § 1983 suit.   Finally, Plaintiff's Opposition to Removal maintains that: (1) the instant action is a state tort claim; (2) Plaintiff does not intend to allege any federal issues in the case; and (3) Plaintiff wants the case remanded to state court.  As the Court lacks subject matter jurisdiction in this action, the case should be **remanded** to the South Carolina Court of Common Pleas for Richland County for disposition.

Recommendation

Accordingly, for the foregoing reasons, it is *recommended* that this matter be remanded to the Court of Common Pleas for the County of Richland.  Since this is only a recommendation, IT IS ORDERED that the Office of the Clerk of Court shall not immediately certify this Order to the Court of Common Pleas for Richland County.  If the

---

[2] The Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995).  *See also DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984).  In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*).  Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

parties in this case fail to file written objections to this Report and Recommendation within ten (10) days after this document is filed, or, if any party files written objections to this Report and Recommendation within ten (10) days after this document is filed, the Office of the Clerk of Court, at the end of the ten-day period, shall forward the case file and any objections to a United States District Judge for a final disposition. The parties' attention is directed to the important notice on the next page.

October 16, 2008
Greenville, South Carolina

                                                                                               s/Bruce Howe Hendricks
                                                                                               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).